UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>                Plaintiff,<br>    v.<br><br>MORMON CHURCH, et al,<br><br>                Defendants. | Case No. 3:23-cv-05601-RJB<br><br>REPORT AND RECOMMENDATION ON AMENDED COMPLAINT<br><br>Noted for: September 8, 2023 |

On July 6, 2023, plaintiff filed a proposed complaint and an application to proceed *in forma pauperis* (IFP). Dkt. 1. Given the identified deficiencies in the proposed complaint, the Court did not grant plaintiff's IFP application. Plaintiff was given until August 14, 2023, to show cause why her complaint should not be dismissed or file an amended complaint. Dkt. 6.

Plaintiff filed an amended complaint wherein she stated that the Mormon church (1) performed unreasonable acts including exempting disclosure of documents that identified problems in CPS, DSHS, DCS, personal inheritance from her grandparents and banking interactions, and (2) acted or failed to act in a way that caused or contributed to plaintiff losing custody of her four children, not receiving child support, being wrongfully charged with child abuse and neglect, allowing a man who attempted to murder her to evade prison time, and not receiving benefits from the department of

REPORT AND RECOMMENDATION ON AMENDED
COMPLAINT - 1

social and health services, the department of child support, and the department of corrections. Dkt. 7.

Plaintiff has failed to correct the deficiencies identified in the Order to Show Cause (Dkt. 6) and therefore her complaint should be dismissed. Plaintiff's amended complaint, while now omitting all defendants except for the Mormon Church, lists only conclusory allegations, and fails to state factual assertions sufficient to support a facially plausible claim for relief. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It remains unclear what events gave rise to this suit; although plaintiff states an alleged harm that was caused by various actions, she fails to state what those actions were with any specificity.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a plaintiff who is unrepresented by counsel is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. See *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). However, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff has been afforded an opportunity to amend her complaint to satisfy the requirements enumerated above, but has not done so. The complaint, as it stands today, fails to outline a set of facts and fails to state a legally cognizable claim. As the plaintiff has already been afforded an opportunity to amend her complaint and, as her amended complaint shows no indication that another opportunity to do so would yield better results, this Court recommends dismissal.

**Conclusion**

For the reasons discussed above, the Court recommends that plaintiff's motion to proceed IFP be denied and this matter be dismissed without prejudice. A proposed Order and proposed Judgment accompany this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 8, 2023, as noted in the caption.

Dated this 23rd day of August, 2023.

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR: SEPTEMBER 8, 2023 - 3